IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ELINA GROMOVA-EASTWOOD,**

    **Petitioner,**

vs.                                            Case No. 4:14cv258-MW/CAS

**UNITED STATES IMMIGRATION**
**& NATURALIZATION SERVICE,**
**and CUSTOMS ENFORCEMENT,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

On May 30, 2014, the pro se Petitioner filed a "motion for temporary restraining order, motion for preliminary injunction, motion to expedite proceedings." Doc. 1. Petitioner simultaneously filed a motion seeking leave to proceed in forma pauperis, doc. 2, with that document. An Order was entered on June 3, 2014, that deferred ruling on the in forma pauperis motion, pointing out that it appeared Petitioner had funds with which she could pay the filing fee. Doc. 3. Petitioner was given an opportunity to either pay the $5.00 filing fee, or submit an amended in forma pauperis motion on the proper forms used in this Court, supported by a sworn financial affidavit and current account statement, demonstrating she was unable to pay the fee. *Id.*

In response, Petitioner filed a notice of compliance on June 10, 2014, advising that she had requested the fee be sent to the Court. Doc. 4. When a month had passed without receipt of the funds, another Order was entered giving Petitioner additional time to pay the fee or submit an amended in forma pauperis motion. Doc. 7. Thereafter, the filing fee was received on July 16, 2014. Doc. 8.

Pursuant to N.D. Fla. Loc. R. 5.1(H), the case initiating documents may now be considered since Petitioner has paid the filing fee. The initial document is construed as a petition for writ of habeas corpus pursuant to § 2241 and a motion for temporary restraining order. Doc. 1. The case is filed against the United States Immigration and Customs Enforcement. *Id.* at 1.

At the time the petition was filed, Petitioner was "serving a 60 month term of imprisonment," having been convicted in the United States District Court, Eastern District of Tennessee, case number 2:09cr41, for conspiracy to defraud the United States, attempting to evade or defeat tax, and false declarations before grand jury/court.[1] Doc. 1 at 1. Petitioner filed a § 2255 motion in December 2012 and that motion is currently pending. *Id.* Petitioner was completing her sentence in the Federal Correctional Institution in Tallahassee, Florida, and states that it will be complete on July 14, 2014. *Id.* Petitioner advised that her criminal conviction is not final and she requests an order from this Court which orders "Respondents to hold in abeyance any removal proceeding related to the Petitioner and her conviction." *Id.* at 2. Petitioner

---

[1] Judicial notice is taken that the jury rendered their verdict against Petitioner on March 8, 2010, and judgment was entered on October 26, 2010. Docs. 283, 286, and 374 of case number 2:09cr41.

requests that she be released "to return to Greenville, Tennessee, to begin serving her term of supervised release pending the outcome of the § 2255 motion."  Id. at 4.

Petitioner also requests, inter alia, that her § 2255 proceeding be expedited, that her judgment be vacated, that she be granted "an out-of-time direct appeal, with bail pending the appeal . . . ."  Doc. 1 at 6.  A federal prisoner seeking to challenge a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Because this Court is not the court which imposed Petitioner's sentence, no relief may be provided to Petitioner and this part of the motion, doc. 1, should be **Dismissed**.

Most recently, Petitioner filed a notice of change of address advising that she was "going in[to] immigration custody" and did not know where she would be housed. Doc. 9.  Petitioner also filed an emergency motion for temporary restraining order on July 15, 2014, requesting that this Court stay removal proceedings until the Sixth Circuit Court of Appeals enter a ruling on her pending appeal.  Doc. 10.  Petitioner contends that her conviction is not yet final because of her appeal and, thus, Respondent lacks grounds to initiate removal proceedings.  Id. at 2.

This Court lacks subject matter jurisdiction over this case and Petitioner's requests for relief cannot be granted.  Petitioner named the United States Immigration and Customs Enforcement [hereinafter "ICE"] as the Respondent and the relief requested presumably pertains to a detainer issued by ICE which will bring Petitioner into the custody of ICE after Petitioner has completed service of her federal sentence. "Under certain circumstances, challenges to detainers may also be brought under § 2241."  Orozco v. United States Immigration & Naturalization Serv., 911 F.2d 539, 541

(11th Cir. 1990). However, a "writ of habeas corpus functions to grant relief from unlawful custody or imprisonment and, [thus, pursuant to] 28 U.S.C. § 2241(c), . . . absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ." Orozco, 911 F.2d at 541, *citing* Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988), *cert. denied*, 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989).

In both Orozco and Campillo, Immigration proceedings had not yet been commenced to determine whether the petitioner should be removed. Rather, INS, now referred to as ICE, had "merely lodged a detainer." Courts considering this issue have held that "[t]he filing of the detainer, standing alone, did not cause [petitioner] to come with the custody of the INS." Orozco, 911 F.2d at 541. *See also* Gonzales-Corrales v. I.C.E., 522 F.App'x 619, 623 (11th Cir. 2013) (holding that although petitioner alleged that ICE had "lodged a detainer against him, he did not allege that removal proceedings had commenced or that he had been taken into ICE custody" and, thus, he was not in ICE custody and the district court lacked subject-matter jurisdiction to consider the § 2241 petition); Oguejiofor v. Attorney Gen. of the United States, 277 F.3d 1305, 1308, n.2 (11th Cir. 2002) (same); Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 539 (5th Cir. 2003) (holding in a case of first impression that a detainer issued by INS does not render a prisoner "in custody" for § 2241 purposes); Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995) (detainer letter alone does not sufficiently place an alien in INS custody for habeas purposes); Santana v. Chandler, 961 F.2d 514, 516 (5th Cir. 1992) (implying that court would follow the majority rule of other circuits that "a prisoner under INS detainer is not in custody of INS for habeas purposes."); Prieto v. Gulch, 913 F.2d 1159, 1162 (6th Cir. 1990) (concluding that the filing of a detainer is insufficient to alter

Case No. 4:14cv258-MW/CAS

one's status as a sentenced federal offender and holding that the petitioner could "not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [petitioner] is released from his present term of confinement."); Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989) (filing of an INS detainer with prison officials does not constitute the requisite "technical custody" for purposes of habeas jurisdiction); Ryan v. Dep't of Homeland Sec., No. 3:09cv399-LAC/MD, 2010 WL 1433166, at *1 (N.D. Fla. Mar. 8, 2010) (same); Parsard v. United States, No. CV513-103, 2014 WL 1247805, at *4 (S.D. Ga. Mar. 25, 2014) (holding that petitioner was "not 'in custody' of INS" as he was still incarcerated and the court lacked subject matter jurisdiction under § 2241 to address his claims).

"Filing a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." Giddings v. Chandler, 979 F.2d 1104, 1105, n.3 (5th Cir. 1992), *quoted in* Zolicoffer, 315 F.3d at 539. Petitioner has not provided any information on the status of any removal proceedings and it seems apparent, in light of Petitioner's request to hold such proceedings in abeyance, that removal proceedings have begun. At the time this case was initiated, Petitioner was in the custody of the Bureau of Prisons and not "in custody" of ICE. Therefore, the motions for relief filed by Petitioner, construed liberally as a petition requesting a writ of habeas corpus, doc. 1, and the motion for a temporary restraining order, doc. 10, should be **dismissed** for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2241(c).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner Elina Gromova-Eastwood's petition for writ of habeas corpus, doc. 1, and motion for temporary restraining order, doc. 10, be **DISMISSED without prejudice** for lack of subject matter jurisdiction, and the motion for leave to proceed in forma pauperis, doc. 2, be **DENIED as moot**, doc. 8, and this case closed.

**IN CHAMBERS** at Tallahassee, Florida, on July 21, 2014.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**